IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DUKHAN FLOWERS,** | ) | **CASE NO. 8:09CV290** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **RUTH L. DAILEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint in this matter on August 24, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on August 24, 2009, against one Defendant, Ruth L. Dailey. Liberally construed, Plaintiff alleges that Defendant owns a liquor store on "north 30th St." in Omaha, Nebraska. (Filing No. 1 at CM/ECF p. 4.)

Plaintiff's allegations are sparse. The Complaint alleges that Plaintiff "went to the store and noticed that" Defendant's business "was in violation of the federal rules and regulation of ADA." (*Id.* at CM/ECF p. 2.) In the past, Plaintiff has noticed that "handicap and disable [sic] customers" have to come in to the store through the back door because others have parked in the accessible parking spaces. (*Id.*) Plaintiff seeks monetary damages in the amount of $1,500.00 and an order that Defendant "bring the violations up to standards." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), which states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by

2

any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Under this section, discrimination includes:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

Id. at § 12182(b)(2)(A)(ii). A person alleging discrimination on the basis of a disability under Title III must allege "(1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." Amir v. St. Louis Univ., 184 F.3d 1017, 1027 (8th Cir. 1999).

Additionally, as in all federal cases, in order to bring a claim under Title III, a plaintiff must establish standing. "The standing requirement is, at its core, a constitutionally mandated prerequisite for federal jurisdiction, and 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" Johnson v. Missouri, 142 F.3d 1087, 1088 (8th Cir. 1998) (quoting Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir.1996)). To establish standing, a party "must demonstrate that he has suffered an injury in fact which is actual, concrete, and particularized . . . must show a causal connection between the conduct complained of and the injury . . . [and] must establish that the injury will be redressed by a favorable decision." Delorme v. United States, 354 F.3d 810, 815 (8th Cir.

2004). Stated another way, "[t]o have standing a plaintiff must demonstrate more than simply a 'generalized grievance.' . . . The injury must be 'concrete,' not 'conjectural' or 'hypothetical.'" *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156-57 (8th Cir. 2008) (quotations omitted). In the context of Title III of the ADA, to allege an "injury in fact," a plaintiff must allege that he is disabled and that he would visit the building at issue "in the imminent future" but for the "known barriers." *Steger v. Franco, Inc.*, 228 F.3d 889, 892-93 (8th Cir. 2000).

Here, Plaintiff does not allege that he is disabled. Rather, Plaintiff alleges that he "has noticed" that disabled customers of Defendant's store have to use the back door due to insufficient disabled parking. (Filing No. 1 at CM/ECF p. 2.) Further, even if Plaintiff is disabled, he has failed to allege that Defendant has taken any adverse action against him based on his disability, or that Defendant has failed to make reasonable modifications to accommodate the disability. (*Id.*) Plaintiff has therefore failed to state a prima facie of discrimination under Title III of the ADA. Additionally, Plaintiff lacks standing. Plaintiff's vague allegations relating only to other disabled people and their problems with Defendant's self parking are nothing more than "generalized grievances." Indeed, these alleged problems with Defendant's parking lot in the past do not relate to Plaintiff at all, and he does not allege any "injury in fact" based on his own disability or his actions in the "imminent future" relating to a disability, as required by *Steger*. In light of these findings, Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed.

4

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.